IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| FREDDIE FOUNTAIN, #1640115 | § | |
| VS. | § | CIVIL ACTION NO. 6:15cv100 |
| JOHN A. RUPERT, ET. AL. | § | |

<u>MEMORANDUM OPINION ADOPTING THE REPORT AND
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE</u>

Plaintiff Freddie Fountain, an inmate of the Texas Department of Criminal Justice proceeding *pro se*, filed this civil rights lawsuit under 28 U.S.C. § 1983, complaining of alleged deprivations of his constitutional rights. The case was referred to the United States Magistrate Judge, the Honorable Judge K. Nicole Mitchell.

**I. Background**

Fountain originally filed his complaint in January 2015. He has since filed several amendments. His amended complaint, (Dkt. #95), is the operative complaint in this proceeding and is essentially a global complaint against all Defendants regarding conditions of confinement at the Coffield Unit—stemming for six years and continuing today.

Specifically, Fountain maintained that prison officials intentionally and sadistically (1) hold him in filthy, infested, "disease ridden," dark cells; (2) deprive him of clean clothing on a year-round basis; (3) deprive him of showering; (4) disturb his sleep; (5) allow him to house in both hot and freezing cells; (6) deprive him of medical care; (7) give him unsafe, disease-ridden food and utensils; (8) starve him; and (9) force him to live without any human contact, causing psychological trauma. He alleged that prison officials are aware of such conditions, but purposely do nothing about them so that they can "torture" him. Fountain insisted that these problems have persisted throughout his incarceration.

1

After a review of Fountain's complaint, Magistrate Judge K. Nicole Mitchell issued a Report, (Dkt. #167), recommending that his complaint be dismissed as frivolous and for failure to state a claim upon which relief can be granted. Fountain filed timely objections, (Dkt. #170), and supplemental objections, (Dkt. #171).

**II. Discussion and Analysis**

Fountain's objections must be overruled. As explained in the Magistrate Judge's Report, under 28 U.S.C. § 1915A, a court shall review, before docketing if feasible or in any event as soon as practicable after docketing, any complaint in a civil action wherein a prisoner seeks redress from a governmental entity or officer, or employee of a governmental entity. During its review, the court must identify cognizable claims or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). The Fifth Circuit has held that a complaint lacks an arguable basis in fact when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Id*. (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (internal quotation marks omitted)). In other words, during the initial screening under section 1915A, a court may determine that a prisoner's complaint is frivolous if it rests upon delusional scenarios or baseless facts—and dismiss the complaint. *See Henry v. Kerr County, Texas*, 2016 WL 2344231 *3 (W.D. Tex.—San Antonio, May 2, 2016) ("A court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, fanciful, fantastic, delusional, or otherwise rise to the level of the irrational or the wholly incredible, regardless of

whether there are judicially noticeable facts available to contradict them.") (citing *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)).

Moreover, a complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v, FedEx Ground Packaging System Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim has factual plausibility when the pleaded factual content allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged. *See Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard is **not** akin to a probability standard; rather, the plausibility standard requires *more than the mere possibility* that the defendant has acted unlawfully. *Bell*, 550 U.S. at 556 (emphasis supplied).

Although all well-pleaded facts are taken as true, the district court need not accept true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Whatley v. Coffin*, 496 Fed.App'x 414, 2012 WL 5419531 (5th Cir. Nov. 7, 2012) (citing *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Crucially, while the federal pleading rules does not require "detailed factual allegations," the rule does "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id*.

*A. Conditions of Confinement*

In recommending that Fountain's claims concerning the conditions of his confinement be dismissed as frivolous, the Magistrate Judge properly found that his claims were wholly speculative, conclusory, and failed to demonstrate any constitutional violation. Specifically, the Magistrate Judge determined that, for example, while Fountain insisted that he has been held in filthy cells—with bug infestations, darkness, diseases, and stagnant water—he failed to provide specifics, connect those conditions to any action on behalf of the Defendants, or show that he was harmed or personally affected by such conditions. For example, he stated that his cell is "disease-ridden"; however, he provided no specifics, did not indicate how he knows that "diseases" overwhelm the cell, and failed to illustrate harm.

On objection, Fountain basically reiterates all his global complaints. He first reargues that he has been starving for six years, accompanied by weight loss. He maintains that the food is not "wholesome," lacks adequate nutrition, is unsanitary, and served with disgusting utensils. Fountains also continues to complain that he is not given condiments with his meals, such as ketchup. However, as the Magistrate Judge determined, the constitutionality of prison means is not measured by its variety or gastronomic appeal; in other words, there is no constitutional right to condiments. *See, e.g.*, *Jones v. Diamond*, 636 F.2d 1364, 1378 (5th Cir. 1981) (holding that a diet consisting "mainly of starch and carbohydrates with few vegetables and fruits," while "likely dull," is not constitutionally inadequate). Fountain's mere disappointment with meals served in prison does not demonstrate a constitutional violation—especially because his pleadings demonstrate that he is fed, but that he simply does not like the food.

As for his contention that he has been starved for six years, the Magistrate Judge correctly determined that he provides no support for this contention other than the "unadorned, the-

4

defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Fountain provides no support that his meals are nutritionally inadequate—other than his mere statement that they are so. His contentions are devoid of facts or support that render his allegations of starvation plausible as opposed to probable, which is insufficient. As the Magistrate Judge explained, the Court is not required to accept as true claims that are based on delusional scenarios or fanciful allegations. Consequently, the Magistrate Judge correctly recommended dismissal and his objections should be overruled. *See Montoya*, 614 F.3d at 148 ("Dismissal is appropriate when the plaintiff fails to allege enough facts to state a claim to relief that is plausible on its face and therefore fails to raise a right to relief above the speculative level.") (quoting *Twombly*, 550 U.S. at 555, 570).

Fountains states on objection that prison officials purposely disturb his sleep by "needlessly conducting all types of operations during the night that could be easily conducted during the day." He also complaints that inmates "talk loud, scream, yell and play loud radios during the night," disturbing his sleep.

Fountain does not have a constitutional right to determine when prison operations are conducted. Rather, the Magistrate Judge correctly determined that his assertions regarding sleep deprivation constitute mere discomfort and inconvenience—rather than any constitutional violation. *See, e.g.*, *Walker v. Nunn*, 456 F. App'x 419, 423 (5th Cir. 2011) (reasoning that "[t]he structure of the prison schedule, hourly ingresses and egresses, intercom announcements, and daily counts were reasonably related to legitimate penological interests," given testimony from the warden who connected each of those policies to legitimate needs of the prison); *Garcia v. Currie*, 674 F. App'x 432, 433 (Mem.) (5th Cir. 2017) (holding that the prison's policy prescribing conditions of confinement in dry cell isolation, while harsh and restrictive, are reasonably related

5

to the legitimate penological interest of curtailing the influx of illicit drugs in the prison unit). Fountains objections on this point are overruled.

Turning to his claims concerning clean clothing, disease-ridden cells, and lack of daily showers, the Magistrate Judge correctly determined that such claims were conclusory, speculative, and that he failed to connect any of those allegations to any harm. In his objections, Fountain again fails to connect these conditions to any harm; his contention that his cells are "gross" does not demonstrate any constitutional violation, that he was harmed, or that the conditions of his confinement are atypical. Furthermore, as the Magistrate Judge determined, prisoners do not have the constitutional right to shower each day. *Vinson v. Texas Board of Corrections*, 901 F.2d 474, 475 (5th Cir. 1990).

As for his claim regarding the lack of clean clothing, on objection, Fountain argues that the Magistrate Judge erroneously implied that he possessed his own personal clothing. However, the Magistrate Judge correctly and properly reasoned that Fountain provided no specifics whatsoever that his clothing causes diseases. Moreover, the Magistrate Judge properly determined that this claim was inherently contradictory: While Fountain argues that he is denied clean clothing, in his amended complaint, he states that "the three defendants established and/or carried the year-round practice of allowing Fountain to receive clean clothing only 3 days a week versus having needed 7 days a week." *See* Dkt. #95, pg. #10 (operative complaint). Fountain cannot state that he is denied clean clothing daily while also maintaining that prison officials provide clean clothing three times per week and expect to have stated a plausible constitutional violation. His objection on this claim is wholly without merit.

Fountain further reiterates that prison officials purposely adjust the water temperature so that he will receive intense burns while showering. The Magistrate Judge determined that Fountain

provided no support whatsoever that prison officials adjusted the water temperature, other than his own words. On objection, Fountain simply reasserts that prison officials deliberately burned him by adjusting the temperature. Again, this claim is nothing more than the "unadorned, the-defendant-unlawfully-harmed-me accusation" and the Magistrate Judge correctly recommended dismissal of this claim.

*B. Medical Care*

In his amended complaint, Fountain argued, in conclusory fashion, that prison medical staff ignores inmates housed in administrative segregation, delay access to medical care, falsify clinical notes, downgrade symptoms or the seriousness of a condition, and fail to follow-up on care. The Magistrate Judge found that Fountain's conclusory allegations of the denial of medical care do not show that anyone specifically committed a constitutional violation. Moreover, the Magistrate Judge further noted that Fountain's disagreement with medical treatment provided did not constitute deliberate indifference. *See Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006); *see also Blank v. Bell*, 634 F. App'x 445, 448 (5th Cir. 2016) ("Blank's desire to see Dr. Sandknop more often amounts to a disagreement over his treatment, which, as discussed *supra*, does not rise to the level of deliberate indifference.").

On objection, Fountain maintains that his assertions "alleged adequately that these defendants had implemented and enforced or participated in an unlawful unit practice of displaying deliberate indifference towards all of the [administrative segregation] inmates' serious medical needs on a continual non-stop basis for years, resulting in pain, suffering, and injuries."

The Magistrate Judge correctly recommended dismissal of these claims. As the Magistrate Judge determined, rather than provide any support, Fountain simply provides a laundry list of his medical conditions without connecting his conditions to any **specific** act or omission on behalf of

7

the Defendants. However, when an inmate alleges a serious medical need for treatment or to avoid certain medical conditions, the inmate's bare assertion of a serious medical condition is insufficient without medical evidence verifying that the condition exists. *See Aswegan v. Henry*, 49 F.3d 461, 465 (8th Cir. 1995); *accord*, *Kayser v. Caspari*, 16 F.3d 280, 281 (8th Cir. 1994) (prisoner's self-diagnosis alone will not support a medical conclusion); *McClure v. Foster*, civil action no. 5:10cv78, 2011 WL 665819 (E.D. Tex., Jan. 7, 2011, *Report adopted at* 2011 WL 941442 (E.D. Tex., February 16, 2011, *aff'd* 465 F. App'x 373, 2012 WL 1059408 (5th Cir., March 29, 2012) (citing *Aswegan* and *Kayser*). In other words, Fountain bare self-diagnoses of a whole host of medical conditions does not demonstrate deliberate indifference.

Similarly, he insists that his medical conditions render him susceptible to heat-related injuries. Again, nonetheless, Fountain does not connect his unsupported medical conditions to any heat related injuries; his statement that he takes beta-blocker medication—without claiming what the medication is designed to treat—is insufficient to demonstrate a constitutional violation with respect to heat. Moreover, Fountains admission that he is provided beta-blocker medication belies his assertions that prison officials act with deliberate indifference. Because his claims on objection continue to demonstrate the "unadorned, the-defendant-unlawfully-harmed-me accusation," the Magistrate Judge was correct in recommending dismissal of these claims. *See Iqbal*, 556 U.S. at 678.

### C. Placement in Administrative Segregation

In his complaint, Fountain argued that administrative segregation cells are akin to "sensory deprivation chambers," which do not allow human contact. The Magistrate Judge recommended dismissal because federal courts have repeatedly found that placement in administrative segregation, without more, **does not** constitute a deprivation of a constitutionally cognizable

8

liberty interest. *See, e.g., Bonner v. Alford*, 594 Fed.App'x 266, 267 (5th Cir. 2015) (Mem.); *Pichardo v. Kinker*, 73 F.3d 612, 613 (5th Cir. 1996); *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) ("*Sandin* establishes that Luken's administrative segregation, without more, does not constitute a deprivation of a constitutionally protected liberty interest."); *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-91 (6th Cir. 1995) (holding that no liberty interest is implicated by placement in administrative segregation); *Al-Amin v. Donald*, 165 Fed.App'x 733, 738 (11th Cir. 2006) ("Confinement in administrative segregation, under conditions substantially similar to those experienced by the general population of the prison, does not implicate liberty interests...") (emphasis supplied).

On objection, Fountain maintains that his placement in administrative segregation is akin to a "sensory deprivation chamber." However, the Magistrate Judge correctly determined that his placement is not an atypical, significant deprivation in relation to the ordinary incidents of prison life. Simply because Fountain is upset that he is placed in administrative segregation does not illustrate a constitutional violation. His objections are therefore meritless.

*D. Denials of Multiple Motions to Amend and Supplement*

Since the inception of his case in February 2015, Fountain has sought to amend, supplement, and expound his pleadings dozens of times. A review of the docket shows that on February 5, 2016, the Court granted Fountain's motion to amend his complaint—ruling that his amended complaint filed on August 12, 2015, was the operative pleading in the case. (Dkt. #47). Fountain subsequently filed several amended complaints anyway. On April 11, 2017, this Court ordered that Fountain's next amended complaint, filed on January 5, 2017, (Dkt. #95), was the operative complaint—which superseded his previous amended complaint. The Court ordered that no further proposed amended complaints would be considered. (Dkt. #108).

Despite this order, Fountain filed at least five motions for supplemental expoundment, which the Court construed as motions to amend his complaint. On July 12, 2017, the Court denied his various motions—highlighting the January 5, 2017, order in which the Court explained that no further attempts to amend would be considered. Again, despite this order, Fountain attempted to amend, supplement, or expound his complaint, which the Court denied again on February 27, 2018, again citing the previous order. (Dkt. #159). Ultimately, the Court determined that Fountain was attempting to engage in piecemeal litigation.

On objection to the Magistrate Judge's Report, Fountain complains that the Court denied his dozens of motions to amend, supplement, or expound his complaint. He states that *pro se* plaintiffs should be allowed to expound and he should be even allowed to file hundreds of pages of supplements. The Court disagrees. Plaintiffs, including *pro se* plaintiffs, are not entitled to unlimited amendments and supplements; at some point, a case must proceed and ultimately conclude. Moreover, the court has broad discretion in determining whether to allow supplemental pleadings in the interests of judicial economy. *See Gentilello v. Rege*, 627 F.3d 540, 546 (5th Cir. 2010) ("The decision to grant or deny leave to supplement is within the sound discretion of the district court.").

Here, Fountain attempted to engage in piecemeal litigation. His statement that he should always be allowed to file "hundreds of pages" of supplements shows that he wishes to engage in piecemeal litigation. As mentioned, at some point, the Court must have an operative pleading. Both judicial resources and fairness to defendants preclude unlimited opportunities to amend the pleadings. *See, e.g.*, *Beard v. Lucio*, No. 08-570, 2009 WL 393016 at *2 (C.D. Cal. Feb. 14, 2009) ("Although leave to amend generally is liberally allowed, Plaintiff should not expect unlimited opportunities to file a complaint that passes the Court's initial screenings.") (citing *McHenry v.*

*Renne*, 84 F.3d 1172, 1178-80 (9th Cir. 1996)). The Court properly denied Fountain's endless attempts to amend.

Furthermore, a review of the docket demonstrates that Fountain has had ample opportunity to plead his case. As mentioned, before the Court denied his various motions to amend/supplement, the Court granted Fountain's motions to amend at least twice. Accordingly, Fountain has had ample access to the Court and ample opportunity to plead his case to the Court. Fountain has not shown how the denial of his dozens of motions to amend/supplement affected the ability to present his case. His objections on this point are meritless.

### III. Conclusion

The Court has conducted a careful *de novo* review of record and the Magistrate Judge's proposed findings and recommendations. *See* 28 U.S.C. §636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such *de novo* review, the Court has determined that the Report of the United States Magistrate Judge is correct and Fountain's objections are without merit. Accordingly, it is

**ORDERED** that Plaintiff's objections, (Dkt. #'s 170, 171), are overruled. The Report of the Magistrate Judge, (Dkt. #167), is **ADOPTED** as the opinion of the Court. Furthermore, it is

**ORDERED** that Plaintiff's civil rights lawsuit is **DISMISSED** with prejudice as frivolous and for failure to state a claim upon which relief can be granted. Finally, it is

**ORDERED** that any and all motions that may be pending in this civil action are hereby **DENIED**.

So **ORDERED** and **SIGNED** September 12, 2018.

_____
Ron Clark, Senior District Judge