IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| FREDDIE FOUNTAIN, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 6:15-cv-100-JDK-KNM |
| JOHN A. RUPERT, et al., | § § § | |
| Defendants. | § § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Freddie Fountain, a former Texas Department of Criminal Justice inmate proceeding pro se, brings this civil rights lawsuit under 42 U.S.C. § 1983 complaining of alleged deprivations of his constitutional rights while incarcerated at TDCJ's Coffield Unit. The case was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636.

In July 2020, the Fifth Circuit Court of Appeals affirmed the dismissal of certain claims while remanding others. Docket No. 185. Plaintiff's remaining claims in this lawsuit relate to: (1) excessive hot and cold temperatures, (2) extreme shower water temperatures and the "mutual enforcing effect" of depriving Plaintiff of basic hygiene, (3) sleep deprivation and excessive noise, (4) inadequate nutrition and weight loss, (5) long-term placement in restrictive housing (administrative segregation), (6) unsanitary prison and cell conditions, (7) indigent mail and access

1

to courts, and (8) the mental and physical injuries related to the totality of his confinement.

Now before the Court is Defendants Bennie Coleman, Brian Collier, Brad Livingston, Jeffrey Richardson, John Rupert, and Modesto Urbina's motion for summary judgment. Docket No. 251. On January 9, 2024, Judge Mitchell issued a Report and Recommendation recommending that the Court grant Defendants' summary judgment motion and dismiss all remaining claims in this case with prejudice. Docket No. 336. Judge Mitchell reviewed the pleadings and over 12,000 pages of records—ultimately determining that Plaintiff has not identified any disputed material facts or a viable constitutional violation. Plaintiff filed objections to the Report (Docket No. 340), to which Defendants responded (Docket No. 345).

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

### A.

Plaintiff's first objection states that he was placed in foster care, he served in the military, and the crime underlying his conviction "wasn't a true robbery." Docket No. 340 at 1. These allegations are of no consequence and fail to respond to the substance of the Magistrate Judge's Report. This objection is overruled.

**B.**

Next, Plaintiff contends that Judge Mitchell and the district judges "have consistently worked together" and have "become as if defense attorneys for the State." Docket No. 340 at 2. Plaintiff's claims of judicial bias are unfounded. As previously explained, mere disagreements with judicial rulings do not evidence judicial bias. Plaintiff's arguments are based only on his disagreement with the various rulings in the case. *See Liteky v. U.S.*, 510 U.S. 540, 555 (1994). This objection is overruled.

**C.**

Plaintiff states that he "incorporates" his various responses throughout this case. Docket No. 340 at 3. Plaintiff may incorporate his arguments and evidence. But the Court overrules this as a standalone objection, as it identifies no error.

**D.**

Plaintiff insists that the Magistrate Judge and Defendants failed to address issues related to the "severity of the restrictive conditions" under the Eighth Amendment as remanded by the Fifth Circuit—particularly issues surrounding, but not limited to, adequate cell space, hot water inside the cells, physical pain from malnutrition, and unsanitary environment. Docket No. 340 at 3–4. Not so. In fact, the Magistrate Judge issued an 82-page Report specifically addressing and analyzing all claims remanded by the Fifth Circuit, including Plaintiff's perpetual complaints about the "severity" and all aspects of his placement in restrictive housing under the relevant precedent. Docket No. 336 at 57–72; *see also Wilkinson v. Austin*, 545 U.S. 209, 223–24 (2005); *Carmouche v. Hooper*, 77 F.4th 362, 366 (5th Cir. 2023);

*Wilkerson v. Goodwin*, 774 F.3d 845, 853 (5th Cir. 2014); *Bailey v. Fisher*, 647 F. App'x 472, 475–76 (5th Cir. 2016).  This objection is overruled.

### E.

Plaintiff next argues that in his response to Defendants' summary judgment motion, he requested that the Court take judicial notice "of a number of other previous lawsuits against Defendant Livingston and others over the unlawful imprison heat," as additional evidence in his favor.  Docket No. 304 at 4–5.  Federal Rule of Evidence 201 allows a court to take judicial notice of "a document filed in another court . . . to establish the fact of such litigation and related filings," but generally not to take notice of "the findings of fact from other proceedings because those facts are usually disputed and almost always disputable."  *See Ferguson v. Extraco Mortg. Co.*, 264 F. App'x 351, 352 (5th Cir. 2007); Fed. R. Evid. 201(c) & (d).  There is no basis for Rule 201 judicial notice in this case, and this objection is overruled.

### F.

Next, Plaintiff maintains that he discussed the "admissibility of circumstantial evidence" and that both the Magistrate Judge and Defendants failed to address his claims regarding clean clothing, meal drinks, and "other things that were suppose[d] to be given" to administrative segregation prisoners.  Docket No. 304 at 5.  Contrary to Plaintiff's contentions, the Magistrate Judge discussed and analyzed Plaintiff's claims concerning his meals and drinks, correctly determining that he provided no admissible evidence to counter Defendants' properly supported summary judgment motion showing that prison officials did not starve or deny Plaintiff meals or drinks.

4

Docket No. 336 at 31–42. This objection identifies no error in the Magistrate Judge's Report and is overruled.

## G.

Plaintiff goes on to state that he is the non-movant in this case and recounts the standard for summary judgment. Docket No. 5–8. But the Magistrate Judge's Report applies the proper summary judgment standards. *See* Docket No. 336 at 13–15. And Plaintiff has not shown that there are any disputed issues of material fact or that Defendants are not entitled to judgment as a matter of law.

Defendants moved for summary judgment and supported their motion with admissible evidence. The law requires Plaintiff, as non-movant, to then submit competent summary judgment evidence sufficient to defeat Defendants' motion. Plaintiff's conclusory allegations, speculation, legalistic argumentation, ad hominem attacks, and evidence consisting of hearsay are insufficient. *See Baughman v. Seale*, 761 F. App'x 371, 378 n.9 (5th Cir. 2019) ("The court construes pro se briefs liberally, though a litigant's pro se status does not relieve him of the procedural obligation to present evidence creating a genuine issue of material fact to survive summary judgment.").

Plaintiff also complains that the Magistrate Judge failed to consider his drawings, personal logs, and handwritten sick-calls as evidence. But as the Magistrate Judge stated, Plaintiff's "sworn pleadings, personal charts, logs, and calendars are competent summary judgment evidence because they in part stem from his personal observations, his handwritten notations and comments . . . superimposed onto Defendants' submitted evidence are not." Docket No. 336 at 17–18. In other

5

words, the Magistrate Judge properly considered Plaintiff's drawings, logs, and personal charts as competent summary judgment evidence and correctly disallowed his handwritten notations on his prison records as inadmissible hearsay. *See Fowler v. Smith*, 68 F.3d 124, 126 (5th Cir. 1995); *Washington v. Tyson Foods, Inc.*, 2018 WL 3603092, at *2 (E.D. Tex. June 27, 2018) ("As for the Call Log, although the accompanying declaration establishes the requirements of Federal Rules of Evidence Rule 803(6) for the Call Log, the handwritten notes in the Call Log are inadmissible hearsay."); *Allen v. Fusion Autoplex LLC*, 2017 WL 1215431, at *2 (S.D. Tex. Mar. 31, 2017) ("Defendant argues that the handwritten time records are inadmissible hearsay. The court agrees."). As explained throughout the Report, Plaintiff's evidence based on hearsay does not defeat Defendants' motion.

Finally, the declarations of other prisoners submitted by Plaintiff do not overcome Defendants' properly supported motion for summary judgment. *See* Docket No. 340 at 8. And other than a general objection that the Magistrate Judge failed to consider these declarations, Plaintiff's objections fail to point to any specific error in the Report based on the submitted prisoner declarations.

Because the Magistrate Judge properly considered the correct summary judgment standard and the admissible evidence, Plaintiff's objections on these points are overruled.

## H.

Plaintiff next contends that his pleadings and evidence show that a constitutional violation occurred. But Plaintiff simply repeats his claim of entitlement to relief, which is insufficient on objection. *See Vega v. Artuz*, 2002 WL

31174466, at *1 (S.D.N.Y. Sept. 30, 2002) ("However, objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition will not suffice to invoke de novo review of the magistrate judge's recommendations.").

Nonetheless, the Magistrate Judge correctly determined that Plaintiff failed to meet his burden of proof to overcome Defendants' entitlement to qualified immunity. *See Miller v. Graham*, 447 F. App'x 549, 551 (5th Cir. 2011) ("Miller has not overcome Graham's assertion of qualified immunity because he presented nothing but conclusory allegations and unsubstantiated assertions to assert his claim"). This objection is overruled.

I.

Plaintiff's next objections insist that he was portrayed as a "high-risk inmate who was appropriately kept in long-term isolation," which is "not the case at all." Docket No. 340 at 10. But the Magistrate Judge correctly determined that Plaintiff is a high-risk prisoner. The summary judgment evidence shows that: (1) Plaintiff engaged in physical altercations with Security Threat Group prisoners; (2) Plaintiff threatened a prison officer; (3) prison officials discovered two homemade knives and a handcuff key inside Plaintiff's isolation cell; (4) Plaintiff repeatedly and consistently violated prison rules; and (5) Plaintiff possessed contraband items while in isolation. Docket No. 336 at 69–71.

This Court will not second guess prison officials' reasonable and legitimate decisions concerning a habitually recalcitrant and dangerous prisoner. *See Byrd v. Harrell*, 48 F.4th 343, 347 (5th Cir. 2022) ("We are to accord prison officials wide-

ranging deference in prison security measures taken in response to an actual confrontation with riotous inmates."); *see also Arenas v. Calhoun*, 922 F.3d 616, 621 (5th Cir. 2019); *Waganfeald v. Gusman*, 674 F.3d 475, 485 (5th Cir. 2012) (emphasizing deference).

Plaintiff also challenges various prison disciplinary cases against him for refusing his housing assignments, maintaining that "Defendant Rupert conducted a kangaroo court type unit classification hearing over it" and that prison officials continually determined that there was "no evidence" after an investigation. Docket No. 340 at 11. Plaintiff once again repeats his claims of entitlement to relief but fails to identify any error in the Magistrate Judge's Report. Specifically, the Magistrate Judge correctly determined that Plaintiff's long-term placement in administrative segregation was not an extreme deprivation that offends the Constitution. Docket No. 336 at 57–72. His placement was not "atypical and significant," and therefore did not give rise to a liberty interest. *See Wilkinson*, 545 U.S. at 223–24; *Bailey*, 647 F. App'x at 475. Plaintiff's objections concerning the Magistrate Judge's analysis on his placement in administrative segregation are therefore overruled.

## J.

Plaintiff next insists that his cell essentially amplified other prisoners' "loud talking, screaming and banging" and that "decibels" were "constantly elevated to a harmful range" of his own calculations—which prevented him from sleeping. Docket No. 340 at 15–16. He also objects that prison staff worked in unison to maliciously deprive him of sleep. *Id.* at 25–26. However, as the Magistrate Judge correctly explained, any disruptions to Plaintiff's sleep stem from prison operations related to

8

legitimate penological goals. Docket No. 336 at 29–31; *see also Chavarria v. Stacks*, 102 F. App'x 433, 437 (5th Cir. 2004) (holding that prisoner could not demonstrate an Eighth Amendment violation for sleep violation based upon a 24-hour illumination policy inside his cell because it was "reasonably related to the legitimate penological interest of guard security."). This objection is overruled.

## K.

In his objection concerning the indoor temperature being too cold, Plaintiff argues at length that Defendants are lying. Docket No. 340 at 16–17. But Plaintiff's statement that Defendants are "lying" does not overcome Defendants' admissible summary judgment evidence. This objection is overruled.

## L.

Plaintiff next objects to the entirety of the Magistrate Judge's analysis of his heat claims, essentially rearguing his underlying claims. Docket No. 340 at 17–21. Plaintiff again attempts to relitigate his underlying claims but does not identify an error in the Magistrate Judge's Report. Moreover, Plaintiff recounts his alleged injuries, but as the Magistrate Judge properly found, Plaintiff's claims are his own self-diagnoses. *See Grizzle v. McIntire*, 2022 WL 17818101, at *14 (N.D. Tex. Oct. 31, 2022) (highlighting that a prison official's failure to follow a prisoner's self-diagnosis does not constitute deliberate indifference).

The Magistrate Judge properly addressed Plaintiff's heat claims. The Report highlights several prison heat-mitigation strategies that Plaintiff never showed were inadequate and explains that the Constitution does not require the elimination of all risks related to heat illnesses. Docket No. 336 at 44–51; *see also Ball v. Leblanc*, 792

9

F.3d 584, 599 (5th Cir. 2015) ("Some risk is permissible and perhaps unavoidable."); *Aswegan v. Henry*, 49 F.3d 461, 465 (8th Cir. 1995) (a prisoner's self-diagnosis of a serious medical condition is insufficient without medical evidence verifying that the condition exists). Plaintiff's objections to the dismissal of his claims concerning heat are overruled.

**M.**

Plaintiff's next objection argues that, as he explained in his facts and evidence, Defendants implemented sleep techniques to prevent him from showering, the showers were unsanitary, and Defendants specifically directed officers to adjust the water temperature in administrative segregation. Docket No. 340 at 21–22. In addressing the Magistrate Judge's analysis that Plaintiff failed to show that anyone adjusted the water temperatures, Plaintiff states that "he lived there for more than 10 years" and that he filed prisoner declarations confirming the adjustment of the temperature.

As the Magistrate Judge correctly determined, Plaintiff's claims that prison officials purposely adjusted the water temperature are purely speculative. Docket No. 336 at 22–23. And speculation does not defeat Defendants' summary judgment evidence. *See Reynolds v. Woods Cnty., Tex.*, 2023 WL 3175467, at *7 (5th Cir. May 1, 2023) ("Mere improbable inferences and unsupported speculation are not proper summary evidence."). Plaintiff provided no competent summary judgment evidence supporting his contention. Rather, the summary judgment evidence reveals that Plaintiff showered. Docket No. 336 at 24–25. And Plaintiff admitted that prison

10

officials provided him cleaning supplies, soap, and towels. *Id.* at 54 (citing Docket No. 276 at 358). Plaintiff's objections on these issues are overruled.

### N.

Turning to his objections concerning unsanitary conditions and infestations, the Court finds that, once again, Plaintiff cannot counter a properly supported summary judgment motion by simply arguing that Defendants are "lying." Docket No. 340 at 23–24. These objections are meritless and do not overcome the competent evidence indicating that prisoners are supplied cleaning agents and that prison officials implemented pest control services—thereby refuting any claim of deliberate indifference. Plaintiff's objections are overruled.

### O.

Plaintiff continues to complain that he could not mail his daughters his drawings and that he could not "adequately communicate" with the outside world. Docket No. 340 at 27–28. The Magistrate Judge, however, correctly analyzed the constitutionality of TDCJ Policy BP-03.91, which restricts supplies to only five, one-ounce letters per month rather than per week, and what constitutes "written correspondence" under the prison rules through a *Turner v. Safley*, 482 U.S. 78 (1987), analysis. Docket No. 336 at 72–77. She correctly determined that the prison policy prohibiting drawings has a valid, rational connection to a legitimate governmental interest in maintaining and ensuring prisoner safety, security, and order under *Turner*.

Plaintiff failed to rebut this finding, which his is burden—especially in light of the competent summary judgment evidence revealing Plaintiff's penchant for

11

misusing the prison mail system. *See id.* at 76; *see also Overton v. Bazzetta*, 539 U.S. 126, 132 (2003) (explaining that the burden is on the prisoner to disprove the validity of a prison regulation). This objection is overruled. *See Keys v. Torres*, 737 F. App'x 717, 719 (5th Cir. 2019) (holding policy 03.91 constitutional on its face and reminding that "[t]he inmate has the burden of demonstrating that there is no rational relation to a legitimate penological interest.").

### P.

Plaintiff's objections next turn to his claims concerning inadequate nutrition. Docket No. 340 at 28–31. He complains that he submitted detailed documents showing how much food he received via volume ounces and caloric content. He also repeats his claims that prison officials falsified all the food logs. The Magistrate Judge's analysis of Plaintiff's food and weight loss claims is correct: Plaintiff failed to supply *any* evidence of falsification of food logs or his medical records. Docket No. 336 at 32–42; *see also, e.g.*, *Romero v. Lann*, 305 F. App'x 242 (5th Cir. 2008) (holding that Romero's "conclusional assertions" that his disciplinary cases were fabricated are insufficient to defeat summary judgment).

Similarly, with respect to Plaintiff's mathematical calculations of caloric content, the Magistrate Judge correctly determined that he provided no competent support that, for example, the pancakes served were 3 ½ inches or that they contained only 158 calories. When Plaintiff insists that he was provided "very little" peanut butter, he provided no facts to quantify this assertion. Such arguments do not defeat a properly supported motion for summary judgment. *See Rogers v. Jarrett*, 63 F.4th 971, 975 (5th Cir. 2023) ("Still, conclusion allegations and denials, speculation,

improbable inferences, unsubstantiated assertions, and legalistic argumentation do not count for raising a genuine factual dispute."). These objections are overruled.

## Q.

Finally, Plaintiff contends that he provided ample evidence of his serious mental and emotional injuries stemming from the conditions, but the Magistrate Judge ignored it. Docket No. 340 at 31–32. He also states that his own exhibit (Docket No. 329, Exhibit I) demonstrates that he was diagnosed with severe post-traumatic stress disorder after his release from imprisonment, thereby refuting the diagnoses of the prison psychiatrists. But his disagreement with a medical diagnosis (or lack thereof) does not show deliberate indifference. *See Blank v. Bell*, 634 F. App'x 445, 449 (5th Cir. 2016) ("Blank's allegation he should have been seen by a specialist amounts to disagreement with his course of medical treatment or negligence, which, again, is not actionable.").

The Magistrate Judge issued a lengthy analysis in her Report regarding Plaintiff's claims of mental and emotional injuries. Docket No. 336 at 77–80. The Report outlines Plaintiff's mental health care while imprisoned—particularly the lack of a diagnosis for a mental health disorder after routine psychological checks, and the evidence indicating that Plaintiff feigned symptoms for secondary gain. The Magistrate Judge did not ignore his claims, and Plaintiff has identified no error in her analysis. Furthermore, a review of the exhibit shows that Plaintiff's mental health records from after his release do not connect any current diagnoses with any act of the named Defendants. These objections are overruled.

\* \* \*

This Court has conducted a de novo review of the record in this case and the Magistrate Judge's Report in light of Plaintiff's objections. Based on that review, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 336) as the opinion of the District Court and **GRANTS** Defendants' summary judgment motion (Docket No. 251). Plaintiff's remaining claims are **DISMISSED** with prejudice.

Also before the Court is Plaintiff's motion for leave to file objections over the typical page limits. Docket No. 339. The Court **GRANTS** the motion. As explained above, the Court has fully considered all of Plaintiff's objections.

So **ORDERED** and **SIGNED** this **9th** day of **April, 2024.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE